IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


LEGRAND,                                   )    CASE NO.: 1:15 CV 2091
                                           )
        Plaintiffs,                        )
                                           )
v.                                         )    JUDGE DONALD C. NUGENT
                                           )
INTELLICORP RECORDS, INC., *et al.*,       )
                                           )
        Defendants.                        )    MEMORANDUM OPINION
                                           )    AND ORDER
                                           )


        This matter is before the Court on Defendant, The Cato Corporation's Motion to Dismiss

Plaintiff's First Amended Complaint.  (ECF #14).  Plaintiff filed an Opposition to the motion,

and Defendant, The Cato Corporation ("Cato") filed a Reply.  (ECF # 21, 22).    Plaintiff also

filed four notices of supplemental authority, and Cato responded to these notices.  (ECF #25, 27,

28, 32, 33, 34).  After careful consideration, the Court has determined that Defendant's Motion to

Dismiss should be converted to a Motion for Summary Judgment pursuant to Fed. R. Civ. P.

12(d).

## FACTUAL AND PROCEDURAL OVERVIEW[1]

Plaintiff's First Amended Complaint alleges that Defendant Cato systematically and willfully violated the Fair Credit Reporting Act ("FCRA") by failing to provide required disclosures prior to procuring background reports on applicants and employees. (ECf #11, ¶3). More specifically, Plaintiff claims that Cato failed to provide the disclosures "in a document consisting 'solely' of the disclosure, as required under 15 U.S.C. § 1681(b)(2)(A). The First Amended Complaint alleges that the only document Cato provided the named Plaintiff that pertained to background checks was a four page job application that included several additional disclosures and acknowledgments unrelated to the potential procurement of background reports. (ECF # 11, ¶27).

The Amended Complaint also references an additional document provided by Cato in response to the original Complaint. (ECF #11, ¶ 36). The document appears to be a two page document titled "Notice Regarding Consumer Reports," which includes an Acknowledgment and Authorization section on the first page and a summary of rights under the FCRA on the second page. (ECF #6-1, Ex. A).  The Amended Complaint does not allege or concede that this document was actually provided to Ms. LeGrand or any other putative class member.  (ECF #36). It does, however, allege that this document also fails to meet the stand alone requirement for background check disclosures under 15 U.S.C. § 1681(b)(2)(A). (ECF #11, ¶ 36).

Cato has filed a Motion to Dismiss alleging that its Exhibit A to the original Complaint

---

[1] The facts as stated in this Memorandum and Order are taken from the Amended Complaint and should not be construed as findings of this Court. In a motion to dismiss, the Court is obligated, for the purposes of that motion, to accept as true the facts set forth by the non-moving party, in this case, the Plaintiff.

contains two documents, one including the summary of rights ("Summary") and one including a notice of consumer rights and an acknowledgment/authorization to obtain a consumer report ("Authorization"), which were both provided to the Plaintiff in this case along with her employment application.   In its Motion to Dismiss, Cato contends that the Summary document satisfied the disclosure requirements of 15 U.S.C. § 1681(b)(2)(A).  Further, in its Reply brief, for the first time, Cato alleges that the Authorization document also independently meets the requirements of 15 U.S.C. § 1681(b)(2)(A).  Cato argues, therefore, that Ms. LeGrand's complaint should be dismissed.


## STANDARD OF REVIEW

On a motion brought under Fed. R. Civ. P. 12(b)(6), this Court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3rd Cir. 1990). The Sixth Circuit has also held that a reviewing court may consider "exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)).

Though construing the complaint in favor of the non-moving party, a trial court will not

accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555. In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## ANALYSIS

Cato does not contest that taken on its face, the Amended Complaint clearly states a claim upon which relief can be granted. Rather, it asks this Court (1) to accept its assertion that Ms. LeGrand and all other putative class members were provided with the Summary and Acknowledgment documents attached to its motion, and (2) to declare, as a matter of law, that one or both of these documents satisfies the requirements of 15 U.S.C. § 1681(b)(2)(A). Neither of these requests can be satisfied at this stage of the litigation.

Although it is true that a court may consider "exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein," *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008), where a complaint refers to a document "only in passing" and does "not rely on it as the basis for any of [the]

-4-

claims" it should not be considered at the motion to dismiss stage. *Benton v. M3 Motors, Inc.*, No. 1:15 CV 541, 2015 WL 5852831 (N.D. Ohio Oct. 6, 2015).

The Amended Complaint does not rely on the Summary or Acknowledgment as the basis for its claims. Although the Complaint acknowledges that these documents were provided in Defendant Cato's Answer to the original Complaint, there is no allegation or admission in the Amended Complaint that Ms. LeGrand, or any other putative class member, ever received the Summary or Acknowledgment as part of the employment application process. Further, although the Amended Complaint mentions that Cato attached the Summary and Acknowledgment to their prior Answer, it also claims that the only document Ms. LeGrand received that pertained in any way to background checks was a four page job application. Thus, in this case, the allegations in the First Amended Complaint actually contradict Cato's assertion that Ms. LeGrand received these documents in fulfillment of its obligation under FCRA. Therefore, the documents attached to Cato's motion to dismiss cannot be considered to be central to the Plaintiff's claims, as stated in the First Amended Complaint, and cannot be considered by the Court on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Under Fed. R. Civ. P. 12(d), the Court can convert Defedant's motion to dismiss into a summary judgment motion in order to determine whether Ms. LeGrand did indeed receive the Summary and Acknowledgment, and whether they satisfy the requirements of 15 U.S.C. § 1681(b)(2)(A). Plaintiff acknowledges that this is an appropriate way to proceed, but urges the Court to refrain from converting the motion in this instance until after class certification issues have been addressed. The Court finds there is no valid reason to delay the resolution of this issue pending class certification determination. Therefore, Defendants Motion to Dismiss is hereby converted to a

motion for summary judgment, subject to Fed. R.Civ. P. 56.

## CONCLUSION

For the reasons set forth above Defendants' Motion to Dismiss the Complaint, (ECF #9), is converted to a motion for summary judgment.  Plaintiff has fourteen days from the date of this opinion to respond to the converted motion and to address the documents attached to Defendants motion.  Defendant will then have seven days to file a Reply, if appropriate.  IT IS SO ORDERED.


DONALD C. NUGENT
United States District Judge

DATED: March 18, 2016