IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| SHERRI LEGRAND, | ) | CASE NO.  1: 15 CV 2091 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| INTELLICORP RECORDS, INC., *et al.*, | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |


This matter is before the Court on Defendant, Intellicorp Records Inc.'s Motion to Strike

Class Allegations in Count II of Plaintiff's Amended Complaint and Motion to Dismiss Count III

of Plaintiff's Amended Complaint.  (ECF # 13).    Plaintiff filed a Response in Opposition to

Defendant's Motion, and Defendant filed a Reply in further support.  (ECF #19, 24).  Subsequent

to the completion of general briefing, Plaintiff also filed a Notice of Supplemental Authority.

(ECF #25).   For the reasons that follow, Defendant's Motion is DENIED.

# I. PROCEDURAL AND FACTUAL BACKGROUND

The Complaint in this case asserts three claims on behalf of three separate purported nationwide classes. The first count alleges that the CATO Corporation ("CATO") violated the Fair Credit Reporting Act ("FCRA") by procuring consumer reports without providing the disclosures required under 15 U.S.C. § 1681(b)(2)(A)(I). The second count asserts that IntelliCorp Records, Inc. ("IntelliCorp") violated the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy of the information in its consumer reports as required by 15 U.S.C. § 1681e(b). The third and final count claims that IntelliCorp violated the FCRA by failing to maintain strict procedures to assure that public record information being reported, which was likely to have an adverse effect on the consumer, was complete and up to date as required by 15 U.S.C. § 1681(a). These claims are brought on behalf of the named Plaintiff, Ms. Legrand, and on behalf of three corresponding purported classes defined as follows:

(1) <u>Improper Disclosure and Authorization Class</u>

All individuals on whom The Cato Corporation obtained a consumer report for employment purposes on or after September 4, 2013 and continuing through the date the class list is prepared..

(2) <u>Strict Procedures Class</u>

All individuals who were the subjects of consumer reports furnished by IntelliCorp Records, Inc. which contained public record information in the "Government Sanctions" section of the report on or after September 4, 2013 and continuing through the date the class list is prepared.

(3) <u>Reasonable Procedures Class</u>

All individuals who were the subjects of consumer reports furnished by IntelliCorp Records, Inc. which contained public record information in th "Government Sanctions" section of the report where the address or social security

-2-

> number of the subject of the report do not match the social security number or
> address information contained in the government database on or after September
> 4, 2013 and continuing through the date the class list is prepared.

(Am. Complaint ¶ 89-91).

The Complaint alleges that the violations at issue were willful violations of the FCRA. Further, although the FCRA allows a consumer to recover actual damages, Plaintiff seeks only statutory damages, for herself and the class. Defendant IntelliCorp has filed a combined Motion to Strike the Class Allegations in Count II of the Plaintiff's Amended Complaint, and Motion to Dismiss Count III of Plaintiff's Amended Complaint. IntelliCorp believes that the no class can be certified for Count II under any circumstances, because the Court would necessarily have to engage in individualized inquiries for every putative class member in order to determine the class. Therefore, IntelliCorp argues, that pursuant to Rules 23(c)(1)(A) and 23(d)(1)(D) of the Federal Rules of Civil Procedure, which direct the Court to decide class issues "[a]t an early practicable time," and amend pleadings as necessary to eliminate allegations about representation of absent persons, the Court should strike the class allegations prior to the allowance of any class discovery. Further, IntelliCorp argues that Count III does not state a claim upon which relief can be granted because the FCRA § 1681k(a) does not require a credit reporting agency to report personal information or to ensure accuracy. Plaintiff disagrees that the purported class for Count II is not certifiable, and contends, at the very least, that the appropriateness of class certification cannot be determined without the benefit of some amount of class discovery. Plaintiff also believes that she has properly stated a claim under Count III.

## II. DISCUSSION

A. **Class Certification as to Count II**

    1. **Standard of Review**

    The plaintiff bears the burden of proof in arguing that a potential class should be certified.  *General Tel. Co. v. Falcon*, 457 U.S. at 161; *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 522 (6th Cir. 1976).  "The class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Coopers & Lybrand*, 437 U.S. at 469 (quoting *Mercantile Nat'l Bank at Dallas v. Langdeau*, 371 U.S. 555, 558 (1963)).  While the pleadings may be enough to determine "whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim . . . sometimes it may be necessary for the court to probe behind the pleadings" before deciding the issue of certification.  *Falcon*, 457 U.S. at 160.  Thus, it is appropriate for the Court to look not only to the pleadings but also to additional exhibits and information submitted by the parties in deciding the motion for certification.

    A court must perform a "rigorous analysis" of the requirements of Federal Rule of Civil Procedure 23 in deciding whether to certify a class.  *Falcon*, 457 U.S. at 147; *accord Stout v. J.D. Byrider*, 47 F.3d 709, 716 (6th Cir. 2000).   Rule 23 of the Federal Rules of Civil Procedure includes four prerequisites to maintaining a class action.  FED. R. CIV. P. 23(a).  Members of a class

        [M]ay sue . . . as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).  Thus, the named representatives may only be certified as a class under

-4-

Rule 23 if the representatives meet the requirements of numerosity, commonality, typicality, and adequacy of representation.

Assuming the requirements of Rule 23(a) are met, the class action may be maintained only if it also meets the requirements of one of the subsections of Rule 23(b).  FED. R. CIV. P. 23(b).  Under Rule 23(b),

> An action may be maintained as a class action if . . .(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

FED. R. CIV. P. 23(b)(3).  In addition to the Rule 23 requirements, both parties have noted that courts in this circuit have recognized that ascertainability of class members is a prerequisite of Rule 23.  *See Romberio v. Unumprovident Corp*., 385 F. App'x 423, 431 (6th Cir. 2009); *Givens v. Van Devere, Inc*., 2012 U.S. Dist. LEXIS 131931, *15 (N.D. Ohio 2012).

Generally the courts within the Sixth Circuit recommend a district court should defer its decision on class certification until after discovery if the existing record is not conclusive as to the relevant class issues.  *See, e.g., In re Cast Iron Soil and Pipe Fittings Antitrust Litig*., No. 1:14-md-2508, 2015 U.S. Dist. LEXIS 121620, at *114-116 (E.D. Tenn. June 24, 2105).  "[S]triking a plaintiff's class allegations prior to discovery and a motion for class certification is a rare remedy."  *Modern Holdings, LLC v. Corning, Inc*., No. 12-405-GFVT, 2015 U.S. Dist. LEXIS 44138, at *7 (E.D. Ky. Mar. 31, 2015)(citing *Weathers v. Peters Realty Corp*., 499 F.2d 1197, 1200 (6th Cir. 1974)).  "A motion to strike class allegations is not a substitute for class determination and should not be used in the same way."  *Eliason v. Gentek Bldg. Prods., Inc*., No. 1:10CV02093, 2011 U.S. Dist. LEXIS 94032, at *7-8 (N.D. Ohio Aug. 23, 2011).  However,

where it is facially apparent from the pleadings that class claims cannot satisfy one or more of Rule 23's requirements, it may be proper to decide the issue prior to the allowance of discovery. *See, Gen. Tel. Co. Of the Sw. v. Flacon*, 457 U.S. 147, 160 (1982); *see also, Pilgrim v. Univ. Health Card, LLC*, 660 F.3d 943, 945 (6th Cir. 2011).

### 2. Analysis

IntelliCorps' argues that a class for Count II cannot be determined without performing an individual adequacy review of each and every consumer report IntelliCorp prepared using public record information from the Government Sanctions database over the last two years. This argument goes both to the ascertainability of the class, and to the question of predominance of individualized questions.

### a. <u>Ascertainability of the Class</u>

"Ascertainability is not satisfied if the putative classes, as defined, are overbroad. *See, e.g., McGee v. East Ohio Gas Co.*, 200 F.R.D. 382, 388 (S.D. Ohio 2001); *Givens v. Van Devere, Inc*., No. 1:11-CV-666, 2012 U.S. Dist. LEXIS 131934, at *40 (N.D. Ohio Apr. 27, 2012). Nor is the ascertainability requirement satisfied if the class members cannot be reliably and feasibly identified. *See, e.g., Carrera v. Bayer Corp*., 727 F.3d 300, 307-08 (3d Cir. 2013)." . *Rikos v. Procter & Gamble Co.*, No., 2014 U.S. Dist. LEXIS 109302 at 9-10. IntelliCorp does not contend that the alleged class is overbroad or that it cannot be reliably determined. Rather they argue, in essence, that it will be difficult or over burdensome for the Court to sort through discovery to identify the purported class members.[1]

---

[1]

Although IntelliCorp frames the issue as creating an undue burden on the Court, the parties will make the preliminary comparisons and determinations as to who is within the class definition. Only if there is a legitimate challenge to an identified alleged inaccuracy

However, under Sixth Circuit law, "'the size of a potential class and the need to review individual files to identify its members are not reasons to deny class certification. Courts throughout the country have routinely used this definition. Courts in this Circuit routinely certify classes of purchasers of over-the-counter products where it will be impossible to identify and notice every member of the class. To deny certification on ascertainability grounds in this case would be to abandon the law in the Sixth Circuit that only requires that the class definition describe objective criteria that allows a prospective class member to identify himself or herself as having a right to recover or opt out based on the description." *Rikos v. Procter& Gamble Co.*, No. 1:11-CV-226, , 2014 U.S. Dist. LEXIS 109302 at 17-18, (citing *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012)).

In order to satisfy the requirement of ascertainability of the class, a court "must be able to resolve the question of whether the class members are included or excluded from the class by reference to objective criteria." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532 (6th Cir. 2012). Based on the allegations in the Amended Complaint, the proposed class in this case appear to be defined by purely objective criteria. The Sixth Circuit does not require that the Defendant, or the Court, be able to specifically identify each class member, but only that a prospective class member be able to identify him or herself as having a right to recover or opt out based on the description of the class. *Rikos v. Procter& Gamble Co.*, No. 1:11-CV-226, , 2014 U.S. Dist. LEXIS 109302 at 17-18.  IntelliCorp's should have an easily ascertainable list of potential class members that can be used to determine which consumers fall within the criteria for class membership.  Further, any argument that ascertainability would be administratively difficult

---

in a specific individual's report would the question have to be determined by the Court.

because there is no easily available list of affected individuals would be unavailing.  *Young* at

540 ("It is often the case that class action litigation grows out of systemic failures of

administration, policy application, or records management that result in small monetary losses to

large numbers of people. To allow that same systemic failure to defeat class certification would

undermine the very purpose of class action remedies. We reject Defendants' attacks on

administrative feasibility....").

Therefore, IntelliCorp's arguments, although they appear to be aimed, at least in part, at

the difficulties that might arise in  determining the class do not provide a legitimate challenge to

ascertainability as the Sixth Circuit has defined it.   The class as proposed by the Plaintiff is

objectively defined and potentially ascertainable.

### b.  <u>Common Questions of Fact or Law</u>

IntelliCorp also argues that the need for an inquiry into the accuracy of each and every

report prepared within the class period would preclude a finding that questions of law or fact

common to the members of the class predominate over any questions affecting only individual

members, which is required for class certification. For a class action to be maintained under Rule

23(b)(3), the court must find that "questions of law or fact common to the members of the class

predominate over any questions affecting only individual members."  FED. R. CIV. P. 23(b)(3).

Further, the court must find that "a class action is superior to other available methods for the fair

and efficient adjudication of the controversy."  FED. R. CIV. P. 23(b)(3).  According to the

Supreme Court,

> [T]he predominance requirement of Rule 23(b)(3) is similar to the requirement of
> Rule 23(a)(3) that "claims or defenses" of the names representatives must be
> "typical of the claims or defenses of the class."  The words "claims or defenses"
> in this context . . . "manifestly refer to the kinds of claims or defenses that can be

raised in courts of law as part of an actual or impending law suit."

*Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 623 n.18 (1997) (citing *Diamond v. Charles*, 476

U.S. 54, 76-77 (1986) (O'Connor, J., concurring in part and concurring in judgment)).  Further,

while "[s]ubdivision (b)(3) parallels subdivision (a)(2) in that both require that common

questions exist . . . subdivision (b)(3) contains the more stringent requirement that common

issues 'predominate' over individual issues."  *In re Am. Med Sys., Inc.* 754 F.3d at 1084 (quoting

1 *Newberg, supra*, §3.10, at 3-56).  Essentially, "[t]he Rule 23(b)(3) predominance inquiry tests

whether proposed classes are sufficiently cohesive to warrant adjudication by representation."

*Amchem*, 521 U.S. at 623.

IntelliCorp does not argue that there are no common issues, but that the individualized

issues will predominate.  Because this determination involves a balancing of many factors, this is

generally not an issue that is appropriately decided prior to discovery.  IntelliCorp has cited

several cases in which courts have found that claims of this type are not amenable to class

treatment for these reasons.  Plaintiff, on the other hand has also provided cases showing that

some judges have allowed purported class actions to continue under this section of the FCRA.

However, few of these cases involved motions to strike class allegations, and none of the cited

cases are within the Sixth Circuit.

When a court determines whether common issues predominate, it "'is under a duty to

evaluate the relationship between the common and individual issues' . . . and determine the

relative weight and importance of the common and individual issues."  *Rockey v. Courtesy*

*Motors, Inc.*, 199 F.R.D. 578, 588 (W.D. Mich. 2001) (quoting 7A Charles Alan Wright, Arthur

R. Miller, and Mary Kay Kane, *Federal Practice and Procedure: Civil*, § 1778 at 518 (2d ed.

1986)).   IntelliCorp has not articulated why this Court should find as a matter of law that

individual issues will predominate between class members.   The argument they have presented

goes more to the difficulties or burdens of identifying the class than it does to the commonality

of the class once the members have been identified.  As set forth above that is an ascertainability

issue and not a dispositive one under the Sixth Circuit's standards.  The Court finds that there is

no basis upon which it can currently state as a matter of law that individual issues will

predominate over common issues amongst the purported class members.  As is generally the

case, this  balance can be better evaluated after discovery.  Therefore, IntelliCorp's motion to

strike the class allegations in Count II is DENIED.


**B.  <u>Failure to State a Claim in Count III</u>**

    **1.  Standard of Review**

      On a motion brought under Fed. R. Civ. P. 12(b)(6), this Court's inquiry is limited to the

content of the complaint, although matters of public record, orders, items appearing in the record

of the case, and exhibits attached to the complaint may also be taken into account.  *See Chester*

*County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3rd Cir. 1990). The

Sixth Circuit has also held that a reviewing court may consider "exhibits attached to the

defendant's motion to dismiss so long as they are referred to in the Complaint and are central to

the claims contained therein."  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th

Cir. 2008).  In evaluating a motion for dismissal under Rule 12(b)(6), the district court must

"consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones*

*v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436,

-10-

439 (6th Cir. 1980)).

Though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555. In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232,  236 (1974).

### 2.  Analysis

Section 1681k(a) of the FCRA requires that a credit reporting agency who produces criminal background checks for employment purposes using public record information must do one of two things. The agency could notify the consumer of the fact that the public record information is being reported at the time it is reported, or "[m]aintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date." 15 U.S.C. § 1681k(a). There is no dispute at this point that IntelliCorp did not provide any notification that would satisfy the requirement of § 1681k(a)(1).. Defendant contends that the Amended Complaint does not state a claim under § 1681k(a)(2) because this section only requires that the information actually provided in the report

-11-

is complete and up to date, and does not impose a requirement that it is either accurate or that it includes "every conceivable piece of benign personal information about a consumer."

The Amended Complaint alleges that IntelliCorp did not send Plaintiff a notice pursuant to FCRA § 1681k that it was reporting public record information regarding Plaintiff to Cato.  It alleges that IntelliCorp did report to Cato that Plaintiff was excluded by the U.S. Department of Health and Human Services from participation in federal healthcare programs based on Plaintiff's alleged inclusion on a "List of Excluded Individuals/Entities" ("LEIE"), which is publically available through the Office of the Inspector General.  Plaintiff asserts that this report was inaccurate as she is not now and has never been on the LEIE.  The Amended Complaint further alleges that the LEIE instructs users of its database that they can verify a possible match using searched person's social security number to ensure accuracy, and that IntelliCorp failed to verify Plaintiff's inclusion using identifying information available to it, including her address and social security number.

The Amended Complaint also alleges that, in addition to being inaccurate, the report IntelliCorp provided to Cato was incomplete because it did not provide all of the information publically available on the LEIE database including, but not limited to, the date of birth of the person on the exclusion list.   The Complaint asserts that providing this information would have allowed Cato to discover that Plaintiff was not the person actually named on the list because her date of birth did not match up with the date of birth for the listed person.   The Amended Complaint charges that based on these facts, IntelliCorp did not maintain strict procedures to ensure that the public record information reported is complete and up to date, as required by 15 U.S.C. § 1681k(a).

Plaintiff is not claiming that the report provided by IntelliCorp was required to include

"every conceivable piece of benign personal information available about a consumer," but does claim that by leaving out identifying information included in the public record, which information would allow an employer to determine whether the report, in fact, applied to the applicant at issue, IntelliCorp's reported information was not complete. This is sufficient at this stage of the litigation to state a claim for relief under 15 U.S.C. § 1681k(a)(2). Therefore, IntelliCorp's motion to dismiss Count III is DENIED.

## III. CONCLUSION

For the reasons stated above, the Court finds that Defendant's Motion to Strike Class Allegations in Count II of Plaintiff's Amended Complaint, and Motion to Dismiss Count III of Plaintiff's Amended Complaint is DENIED. (ECF #13). IT IS SO ORDERED.




         /s/ Donald C. Nugent
         DONALD C. NUGENT
         United States District Judge

DATED:   March 22, 2016