IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEGRAND, | ) | CASE NO.: 1:15 CV 2091 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| INTELLICORP RECORDS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |

This matter is before the Court on Defendant, The Cato Corporation's Motion to Dismiss Plaintiff's First Amended Complaint, (ECF #14), which the Court previously converted to summary judgment motion pursuant to Fed. R. Civ. P. 12(d).[1] Plaintiff filed an Opposition to the motion, and Defendant, The Cato Corporation ("Cato") filed a Reply. (ECF # 21, 22). Plaintiff also filed four notices of supplemental authority, and Cato responded to these notices. (ECF #25, 27, 28, 32, 33, 34). Following the Court's conversion of the motion, the Plaintiff filed an updated Opposition to Defendant's motion, (ECF #41), and Cato filed a Reply to the Plaintiff's updated response. (ECF #44).

---

[1] The Court will refer to ECF #9 as the "converted Motion for Summary Judgment."

**FACTUAL AND PROCEDURAL OVERVIEW[2]**

Plaintiff's First Amended Complaint alleges that Defendant Cato systematically and willfully violated the Fair Credit Reporting Act ("FCRA") by failing to provide required disclosures prior to procuring background reports on applicants and employees.  (ECF #11, ¶3). More specifically, Plaintiff claims that Cato failed to provide the disclosures "in a document consisting 'solely' of the disclosure, as required under 15 U.S.C. § 1681b(b)(2)(A).  The First Amended Complaint alleges that the only document Cato provided the named Plaintiff that pertained to background checks was a four page job application that included several additional disclosures and acknowledgments unrelated to the potential procurement of background reports. (ECF # 11, ¶27).

The Amended Complaint also references an additional document provided by Cato in response to the original Complaint.  (ECF #11, ¶ 36).  The document appears to be a two page document titled "Notice Regarding Consumer Reports," which includes an Acknowledgment and Authorization section on the first page and a summary of rights under the FCRA on the second page.  (ECF #6-1, Ex. A).   The briefing and evidence submitted on the converted Motion for Summary Judgment indicates that this document was, in fact, two separate documents provided to Ms. Legrand during the application process. [3]   In its converted Summary Judgment Motion,

---

[2] The facts as stated in this Memorandum and Order are taken from the Amended Complaint and should not be construed as findings of this Court.  On a motion for Summary Judgment, the Court is obligated to view the summary judgment motion in the light most favorable to the party opposing the motion, in this case, the Plaintiff.

[3] Cato's representative provided an affidavit indicating that she handed out three separate documents to each applicant, including Ms. Legrand: an employment application, a document titled "Notice Regarding Consumer Reports," and a document titled "A

Cato contends that the Summary document satisfied the disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A). Further, for the first time in its Reply brief Cato alleges that the Authorization document also independently meets the requirements of 15 U.S.C. § 1681b(b)(2)(A). Cato argues, therefore, that Ms. Legrand's complaint should be dismissed.

## **STANDARD OF REVIEW**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6), which has been converted to a summary judgment motion by the Court pursuant to Fed. R. Civ. P. 12(d), is reviewed under summary judgment standards. Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment

---

Summary of Your Rights Under the Fair Credit Reporting Act." These documents were provided to applicants simultaneously, but "each was separate and distinct document." (ECF #44-1). Ms. Legrand's affidavit indicates that she received all three documents but did not remember whether they were provided as separate documents or as one all inclusive document. (ECF #41-1).

motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails determining whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## ANALYSIS

Cato asks this Court to declare, as a matter of law, that one or both of two documents it claims to provide to all applicants satisfies the requirements of 15 U.S.C. § 1681b(b)(2)(A). The two documents are: (1) "A Summary of Your Rights Under the Fair Credit Reporting Act," ("Summary") and (2) "Notice Regarding Consumer Reports" ("Notice"). (ECF #14-2). Cato provided an affidavit from Shelly Hansen, District Manager, attesting that all applicants, including Ms. Legrand, were provided with copies of these documents during the application process, and that these were presented to applicants as separate and distinct documents. (ECF #44-1). Ms. Legrand admits receiving these documents, and signing the Notice, but has no recollection as to whether the documents were presented individually or as part of a larger document. (ECF #41-1).

United States Code, Chapter 15, Section 1681b(b)(2)(A) prohibits an employer from obtaining a consumer report for employment purposes unless:

> (I) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
>
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (I)) the procurement of the report by that person.

15 U.S.C. §1681b(b)(2)(A).

The disclosure made pursuant to 15 U.S.C. § 1681b(b)(2)(A)(I) must be made in a document that consists solely of the disclosure, but may also include the consumer's written authorization, allowing for procurement of the report.  15 U.S.C. b(b)(2)(A)(ii).

### A.  **The Summary**

Cato argues that the Summary contains a clear and conspicuous disclosure that a consumer report may be obtained for employment purposes, and that because the Summary deals exclusively with consumer rights under the FCRA, it does not contain any extraneous information.  This argument, however, does not hold up when compared to the statutory language.  Even if the general statement that "you must give your consent for reports to be provided by employers" or that "a consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent," could be considered to be a disclosure by an employer that the employer may obtain a consumer report for employment purposes, it is not "clear and conspicuous" as provided.  The Summary includes this language in tiny print, located more than halfway down the document, couched among twelve paragraphs plus a large chart addressing a

-5-

variety of consumer rights. It is the only statement within the document that addresses a consumer's employment and it is not specific to any employer.

In addition, the Summary is not a stand alone disclosure as required by 15 U.S.C. § 1681b(b)(2)(A)(I). Contrary to Cato's position, the stand alone provision is not satisfied by any document that limits its content to issues covered by the FCRA. Section 1681b(b)(2)(A)(I) clearly requires that the document contains only the disclosure and signed authorization. The Summary discusses many types of consumer rights, mostly relating to a consumer's rights vis a vis a reporting agency, and provides contact information for agencies dealing with everything from Federal Land Banks to Air Carriers. The Summary is not even primarily related to the required disclosure, let alone limited to solely the employer disclosure required under §1681b(b)(2)(A)(I).[4] Therefore, the Summary provided by Cato does not satisfy the requirements of §1681b(b)(2)(A)(I).

### B. The Notice

Cato also provided Ms. Legrand with a document that included a "Notice Regarding Consumer Reports" and an "Acknowledgment and Authorization." The Notice includes a clear disclosure that "the Cato Corporation may obtain information about you from a consumer reporting agency for employment purposes." Although the print is very small, the Court would find that the

---

[4] It may be true that this Summary satisfies some of the disclosure requirements set forth within the FCRA. For example, it may well satisfy 15 U.S.C. §1681b(b)(1)(B). However, the FCRA is an enormous body of law with a wide range of topics and protections that span far beyond an employers duty to inform a consumer that it may seek a consumer report for employment purposes. The disclosure in 15 U.S.C. §1681b(b)(2)(A)(I), however, is specifically prohibited from including any information beyond an employers disclosure that it may seek a consumer report for employment purposes. The Summary by design goes beyond this disclosure to provide information on all of a consumer's rights under the FCRA.

disclosure is conspicuous to any person who read the disclosure before signing the acknowledgment. The disclosure is the first sentence of the Notice and is specific to the Cato Corporation and the applicant. It is boxed off and bordered and it falls under a large print bolded caption reading "Notice Regarding Consumer Reports." Further, the Acknowledgment and Authorization satisfies 15 U.S.C. §1681b(b)(2)(a)(ii) as Ms. Legrand signed a written authorization allowing Cato to obtain "consumer reports" at any time "after receipt of this authorization, and if [] hired, throughout [her] employment." (ECF #14-2).

The question, therefore, becomes whether the disclosure and related authorization are the sole content of Notice. The Court finds that they are not. A consumer report is defined as:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living ...

15 U.S.C. §1681a(d)(1). A "consumer reporting agency" is defined as:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).

In addition to disclosing that the Cato Company may obtain a consumer report, the Notice also indicates that the consumer/applicant may be the subject of an "investigative consumer report." An "investigative consumer report" is defined as a type of consumer report, or portion of a consumer report "in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer . . . ." 15 U.S.C. § 1681a(e). Additional disclosures are required when an employer

procures or attempts to procure an investigative consumer report from a credit reporting agency. 15 U.S.C. § 1681d, including a disclosure that such reports may be made, and a statement informing the consumer of his/her right to request an additional complete and accurate disclosure of the nature and scope of the investigation actually requested. 15 U.S.C. §1681d(a), (b). Because these disclosures are required when a consumer report is also an "investigative consumer report," the Court finds that they are simply a more detailed form of the required consumer report disclosure and may be included in the same notice without running afoul of the 15 U.S.C. § 1681b(b)(2)(A) stand alone disclosure requirement.[5]

Although the majority of the Notice addresses the required disclosures related to consumer reports obtained for employment purposes, the scope of the disclosures and included authorization goes beyond the disclosure required for consumer reports under 15 U.S.C. § 1681b(b)(2)(A). The Notice also informs consumers that the Cato Corporation is allowed, pursuant to the included authorization, to obtain information not just from consumer reporting agencies, as defined in the statute, but also from "any outside organization," including "without reservation, any law enforcement agency, administrator, state or federal agency, institution, school or university (public or private), information service bureau, financial institution, employer, or insurance company." (ECF #14-2). It also authorizes the release of information potentially beyond the scope of, or even

---

[5] Although the Notice in this case informs the consumer/applicant that "investigative consumer reports," may be requested and describes what that may entail, it does not provide a disclosure informing them that they have the right to request an additional complete and accurate disclosure of the nature and scope of any investigative report actually requested as required under 15 U.S.C. §1681d(b). However, because this disclosure is not technically required until after such a report is actually requested, there may be no violation here. There is no evidence as to whether Cato ever actually requested the completion of an "investigative consumer report" or whether they simply relied on a regular consumer report.

excluded by the consumer report statutes, including "all background information requested by the Cato Corporation or outside organization acting on behalf of the Cato Corporation." (ECF #14-2). Further, the Notice also asks the consumer directly to disclose whether they have ever been convicted of a crime. This is not a disclosure from the employer that it may request a consumer report, nor it is it an authorization or explanation related to such a disclosure.

Cato contends that the query about prior convictions, although not part of the disclosure or authorization required by 15 U.S.C. § 1681b(b)(2)(A), is insignificant and does not distract from the clear and conspicuous language of the required disclosure. Unfortunately, whether the statement is significant or distracting is not the question Congress decided was determinative for the Court. The disclosure statute at issue specifically and unambiguously states that the disclosure shall be made in a document that consists ***solely of the disclosure***. 15 U.S.C. § 1681b(b)(2)(A)(I). While the next section allows that an authorization to procure the report is allowed to be made part of the document, this is the only exception to the requirement that the disclosure shall stand alone in the document. 15 U.S.C. § 1681b(b)(2)(A)(ii). Cato's document contains not only the extraneous request for disclosure of prior convictions, but also seeks authorization for access to information that is beyond the scope of a consumer report, and from sources that are not consumer reporting agencies. It, therefore, does not satisfy the stand alone requirement set forth in 15 U.S.C. § 1681b(b)(2)(A)(I).

Cato also asks the Court to make a determination, as a matter of law, that any potential violation of the disclosure requirements was not willful. This issue has not been subject to full discovery, has not been fully briefed by the parties, and is not otherwise amenable to resolution at this stage of the proceedings. Therefore, that request is denied.

## **CONCLUSION**

For the reasons set forth above Defendants' Converted Motion for Summary Judgment the Complaint, which was converted to a summary judgment motion, is DENIED. (ECF #14). IT IS SO ORDERED.

                                                                                      /s/ Donald C. Nugent
                                                                                     DONALD C. NUGENT
                                                                                     United States District Judge

DATED:   April 22, 2016