# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Sherri Legrand, individually and as a representative of the classes, | ) Case No. 1:15-cv-02091 ) |
| | ) Hon. Donald C. Nugent |
| Plaintiff, | ) Magistrate Judge Thomas Parker |
| v. | ) |
| | ) **PLAINTIFF'S MOTION** |
| IntelliCorp Records, Inc., and The Cato Corporation, | ) **FOR CLASS CERTIFICATION** ) |
| | ) |
| Defendants. | ) |

Plaintiff Sherri Legrand respectfully moves the Court for an Order certifying the following class in connection with Plaintiff's Fair Credit Reporting Act claim against Defendant The Cato Corporation:

> All individuals on whom The Cato Corporation obtained a consumer report for employment purposes on or after September 4, 2013 and continuing through the date the class list is prepared.

Plaintiff moves the Court to appoint her as class representative, and her counsel, Berger & Montague, P.C., as class counsel. Plaintiff refers the Court to its supporting Memorandum of Law, and the Declarations of E. Michelle Drake and Sherri Legrand which are being filed in connection with this motion and incorporated herein by reference.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Sherri Legrand, individually and as a representative of the classes, | ) Case No. 1:15-cv-02091 ) ) Hon. Donald C. Nugent |
| Plaintiff, | ) Magistrate Judge Thomas Parker |
| v. | ) ) **PLAINTIFF'S MEMORANDUM IN** |
| IntelliCorp Records, Inc., and The Cato Corporation, | ) **SUPPORT OF HER MOTION FOR** ) **CLASS CERTIFICATION** ) |
| Defendants. | ) |

## SUMMARY OF ARGUMENT

Plaintiff Sherri Legrand hereby moves for certification of the Inadequate Disclosure and Authorization Class to pursue Count I of the First Amended Complaint ("FAC"), violation of the Fair Credit Reporting Act's ("FCRA") stand-alone disclosure requirement, 15 U.S.C. § 1681b(b)(2). (*See* FAC ¶¶ 89, 98-103.)

Defendant The Cato Corporation ("Cato") routinely violated the FCRA's stand-alone disclosure requirement by procuring background checks on employees and job applicants without first providing a "stand alone" disclosure informing them that a background check would be procured for employment purposes. This Court has already ruled that Cato's standardized documents, namely the "Summary of Your Rights Under the Fair Credit Reporting Act" ("Summary") and "Notice Regarding Consumer Reports" ("Notice") were not the stand-alone disclosures required by the FCRA. ECF No. 47 at 5-9 (finding neither the Notice nor the Summary to be compliant disclosures).

Class certification is warranted because Cato violated the law by procuring background reports on class members without first providing class members with compliant disclosures. Cato's liability will be determined on a class-wide basis through a single legal decision that

1

Cato's forms and processes violate the FCRA and that Cato's conduct was willful.  Numerous courts have certified classes involving similar claims and this Court should do the same.

## BACKGROUND

The FCRA strictly regulates the purposes for which consumer reports can be obtained and used.  *See* 15 U.S.C. § 1681b(a)-(f).  For reports for employment purposes, Congress voiced a strong "concern[]" that "permit[ting] employers to obtain consumer reports pertaining to current and prospective employees . . . may create an improper invasion of privacy."  S. Rep. No. 104-185, at 35 (1995).  Thus, Congress required that before an employer procures a background report, the employer must provide the applicant with a "clear and conspicuous disclosure . . . in a document that consists *solely of the disclosure*, that a consumer report may be obtained for employment purposes."  15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added).  This provision is often referred to as the "stand-alone disclosure" requirement.  As explained recently by a court in the Eastern District of Virginia, the stand-alone disclosure grants two rights to consumers: "first, a legally cognizable right to receive a disclosure that is clear, conspicuous, and unencumbered by extraneous information; and second, a right to the privacy of one's personal information, which an employer may not invade without first providing the [disclosure] information and obtaining the consumer's express written consent."  *Thomas v. FTS USA, LLC*, No. 3:13-CV-825, 2016 WL 3653878, at *9 (E.D. Va. June 30, 2016).  These rights are "clearly substantive, [and] neither technical nor procedural."  *Id.* at *7.  Thus, when an employer pulls a consumer report without first providing a compliant stand-alone disclosure, the employer both invades the consumer's privacy and deprives the consumer of information required to be given by Congress.

To briefly summarize the procedural history, in her initial complaint, based on the information available to her at the time, Plaintiff alleged that Cato had not provided her with a

2

stand-alone disclosure because the only disclosure she received was one which was buried in a job application that had a variety of extraneous statements, including a liability waiver. (Compl. ¶¶ 27-32 & Ex. A, ECF No. 1-1.) Plaintiff brought her claim both on her own behalf and on behalf of a class.

In its Answer to the original complaint, Cato attached two other documents that it claimed satisfy the FCRA's stand-alone disclosure requirement: the Notice and the Summary. (Cato Ans. ¶ 27 & Ex. A, ECF Nos. 6, 6-1, 14-2.) Plaintiff then amended her complaint, describing the fact that Cato had attached documents to its Answer. (First Amended Complaint ("FAC") ¶ 26, ECF No. 11.) The class which she proposed in her Amended Complaint, and which she now seeks to certify, consists of:

> All individuals on whom The Cato Corporation obtained a consumer report for employment purposes on or after September 4, 2013 and continuing through the date the class list is prepared.

(*Id.* ¶ 89.)

Cato moved to dismiss arguing that the Summary and Authorization satisfied the FCRA's stand-alone disclosure requirement. (ECF No. 14). On March 18, 2016, the Court issued an order converting Cato's Motion into one for summary judgment to determine "whether Ms. Legrand did indeed receive the Summary and [Authorization], and whether they satisfy the requirements of 15 U.S.C. § 1681(b)(2)(A)." (ECF No. 36).

On April 22, 2016, the Court denied Cato's motion, finding that neither the Summary nor the Notice satisfied the FCRA's stand-alone disclosure requirements. This Court found that the Summary was "not even primarily related to the required disclosure, let alone limited to solely the employer disclosure required under § 1681b(b)(2)(A)(i)." ECF No. 47 at 6. Likewise, the Notice was not stand-alone because it contained an "extraneous request for disclosure of prior

convictions" and "seeks authorization for access to information that is beyond the scope of a consumer report and from sources that are not consumer reporting agencies." *Id.* at 9.

In discovery, Cato has admitted that since January 2013, the only forms that Cato has given to job applicants and employees that Cato contends satisfy the FCRA's stand-alone disclosure requirement are the Notice and the Summary. (See Cato's Ans. Interrog. No. 7, Declaration of E. Michelle Drake Drake ("Drake Decl." Exs. 1,2; ECF No. 6-1.)[1] Cato has also produced a list of everyone that Cato procured a background check on during the class period. This list includes 45,608 people. (Cato's Suppl. Ans. Interrogs. Nos. 2, 4, Drake Decl. Ex. 3). Cato procured all of its background checks during the class period from co-defendant IntelliCorp Records, Inc. (Cato's Suppl. Ans. Interrog. No. 4.). Because Cato procured background checks on thousands of people during the class period using standardized forms, and because Cato's conduct was identical as to all class members, this case easily satisfies the requirements of Rule 23 and Plaintiff's proposed class should be certified.[2]

### ARGUMENT

Rule 23(c)(1)(A) requires that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the class." Fed. R.

---

[1] As set forth is in its interrogatory response, the Notice and Summary documents have been produced by Cato with Bates-labeled CATO-00046 and CATO-00052. Even though Cato attached the Notice and Summary in its publicly filed Answer (ECF No. 6-1), Cato nevertheless marked those documents as confidential pursuant to the parties' protective order (ECF No. 51) in this case. On August 9, 2016, Plaintiff's counsel emailed Cato's counsel requesting that they remove the confidentiality designation because the documents are already in the public record. (Drake Decl. ¶ 3.) Cato's counsel did not respond. (*Id.* ¶ 4.) Rather than burdening the court by filing the Bates-labeled versions of these documents under seal as provided in the Local Rules and protective order, Plaintiff will simply provide to the Court the versions of the documents already in the public record that are attached to Cato's Answer.

[2] Plaintiff's FAC also brings two class claims against Defendant IntelliCorp Records, Inc. Plaintiff and IntelliCorp are in the process of discovery, and Plaintiff will move for class certification with respect to her claims against IntelliCorp after sufficient discovery has been undertaken.

Civ. P. 23(c)(1)(A). Class certification is appropriate because the proposed class satisfies the requirements of both Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3). This case, in which every class member asserts the same claim for statutory and punitive damages, based upon the same legal violation, is plainly certifiable, and cases involving the same legal claims are routinely certified. *See Milbourne v. JRK Residential Am., LLC*, No. 12 Civ. 861 (REP), 2014 WL 5529731 (E.D. Va. Oct. 31, 2014) (certifying class in contested motion in case alleging that defendant failed to provide a stand-alone disclosure); *Reardon v. Closetmaid Corp.*, No. 08 Civ. 1730 (GLL), 2011 WL 1628041 (W.D. Pa. Apr. 27, 2011)(same); *Manuel v. Wells Fargo Bank, Nat. Ass'n*, No. 14 Civ. 238 (REP), 2015 WL 4994549 (E.D. Va. Aug. 19, 2015) (same); *Thomas v. FTS USA, LLC*, 312 F.R.D. 407 (E.D. Va. 2016) (same).

## I. The Class is Sufficiently Numerous.

Fed. R. Civ. P. 23(a)(1) requires a proposed class be "so numerous that joinder of all members is impracticable." The Sixth Circuit has stated that, although "there is no strict numerical test, 'substantial' numbers usually satisfy the numerosity requirement." *Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006). Here, per Cato's records, there are 45,608 people in the proposed class. Joinder of over 40,000 plaintiffs is impracticable and thus numerosity is satisfied. *See Siding & Insulation Co. v. Combined Ins. Grp., Ltd., Inc.*, No. 1:11 CV 1062, 2012 WL 1425093, at *2 (N.D. Ohio Apr. 24, 2012) (Nugent, J.) (finding numerosity satisfied in case involving 7,000 class members). Additionally, as evidenced by the fact that Cato has produced the names of all of these 45,608 people, the class is readily identifiable.

## II. The Class Shares Common Questions of Law and Fact.

A proposed class satisfies the "commonality" requirement when "it is unlikely that differences in the factual background of each claim will affect the outcome of the legal issue."

5

*Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004). Plaintiff does not have to show that there are multiple legal or factual issues common to the class; rather, the existence of one common issue is sufficient. *In re Am. Med. Sys.,* 75 F.3d 1069, 1080 (6th Cir.1996) ("[T]here need be only a single issue common to all members of the class."). The Supreme Court examined the commonality requirement of Rule 23 in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011). It described the commonality prong as requiring:

> the plaintiff to demonstrate that the class members have suffered the same injury. This does not mean merely that they have all suffered a violation of the same provision of law. Their claims must depend upon a common contention—for example, the assertion of discriminatory bias on the part of the same supervisor. That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.

*Id.* at 2551 (internal citations and quotations omitted).

Here, all members of the class have suffered the same privacy and informational injuries due to Defendant's violation of the FCRA's stand-alone disclosure requirement. The class members all have the same legal claims: Defendant obtained a background check without first providing the stand-alone disclosure required by the FCRA, and that Defendant's conduct was willful. Determining the validity of Plaintiff's contention regarding Defendant's forms and willfulness will resolve the issue of liability with respect to every class member in a single stroke. As stated by a district court in certifying a class asserting the same claim as here, "the legality of the forms is of 'such a nature that it is capable of classwide resolution' and satisfies the commonality requirement." *Milbourne*, 2014 WL 5529731, at *5; *Reardon*, 2011 WL 1628041, at *6 ("Here, there are numerous questions of law or fact common to the class. These include, but are not limited to, whether the forms used by [defendant] to obtain consent to procure a consumer report from the class member violated the FCRA."); *Thomas*, 312 F.R.D. at

6

417 (finding "common question of whether Defendants' standard Employment Release Statement violated the FCRA satisfies the commonality requirement"); *Manuel*, 2015 WL 4994549, at *10 (finding commonality in § 1681b(b)(2) case); *see also Singleton v. Domino's Pizza, LLC*, 967 F. Supp. 2d 665, 675 (D. Md. 2013) (finding common question of "whether [defendant] violated the FCRA by using [a form] to obtain consent from prospective and/or current employees to procure consumer reports for employment purposes, which […] was allegedly not a 'stand-alone document'").

Willfulness is also a common question. In order to obtain the statutory damages and punitive damages sought here, the proposed Class must demonstrate that Cato's conduct was willful. 15 U.S.C. § 1681n(a)(1). Because Cato is a single entity, which acted consistent with its own procedures with respect to each member of the Class, the answer to the question of whether Dish's violations were willful can be determined on a class-wide basis. *Chakejian v. Equifax Info. Servs. LLC*, 256 F.R.D. 492, 500 (E.D. Pa. 2009) ("Thus, the inquiry is to [defendant's] state of mind in implementing its policies and procedures, not on the customer's particular interaction with the CRA…. To prove willfulness here, a consumer-by-consumer inquiry is not necessary."); *Milbourne* 2014 WL 5529731, at *6 ("[T]he question of willfulness is also a common question."). The amount of damages is also a common question. Because Plaintiffs seek statutory and punitive damages, no individual analysis of damages will be required. *See Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 952-53 (7th Cir. 2006).

### III. Typicality Is Satisfied.

"Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *In re Am. Med. Sys.,* 75 F.3d at 1082 (citing 1

7

Herbert B. Newberg & Alba Conte, Newberg on Class Actions, § 3.01, at 3–75, 76 (3d ed.1992)). "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class." *Sprague v. GMC,* 133 F.3d 388, 399 (6th Cir. 1998). "A representative party's claims, however, need not be identical to those of the potential class members." *Siding & Insulation Co.*, 2012 WL 1425093, at *3-4.

In this case, Plaintiff's claim is identical to the claims of every other class member, and is based upon the same legal theory. When every member of the class, including Plaintiff, suffered the same FCRA violation based upon being presented with the same authorization language during the job application process, it is manifestly clear that Plaintiff's claims are typical. Claims of this sort are routinely found typical. *See Milbourne,* 2014 WL 5529731, at *7 (finding typicality where defendant admitted "that it used the same form for the relevant time frame. And, it is not disputed that Milbourne and all class members signed identical forms containing the same language"); *Manuel,* 2015 WL 4994549, at *13 (stating similar); *Thomas,* 312 F.R.D. at 419 (stating similar); *Reardon*, 2011 WL 1628041, at *6 (finding commonality where plaintiff "seeks to represent a class of individuals who also executed allegedly legally infirm disclosures").

### IV.   Plaintiff and Her Counsel Are Adequate to Represent the Class.

Plaintiff must show that it will "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). This requirement is "essential to due process, because a final judgment in a class action is binding on all class members." *In Re Amer. Med. Sys., Inc.,* 75 F.3d at 1083. To satisfy this requirement, Plaintiff must show "(1) the representative must have common interest with unnamed members of the class, and (2) it must appear that the representative will

8

vigorously prosecute the interest of the class through qualified counsel." *Id.* (quoting *Senter v. General Motors,* 532 F.2d 511, 525 (6th Cir. 1976)).

"In determining whether Counsel is qualified, the Court considers: (1) the work Counsel has done in identifying or investigating potential claims; (2) Counsel's experience handling class actions; (3) Counsel's knowledge of the applicable law; and, (4) the resources Counsel will commit to representing the class." *Siding & Insulation Co.*, 2012 WL 1425093, at *4 (citing Fed.R.Civ.P. 23(g)(1)(A).)

First, Named Plaintiff Sherri Legrand has been actively engaged in this case. She understands what it means to be a class representative and will put the interests of the class first in making all decisions related to this case. (Declaration of Sherri Legrand ("Legrand Decl.") ¶¶ 5-7.) Further, the proposed class representative has no conflicts of interest that would compromise her representation of the class in their best interest. (*Id.* ¶ 4.) Plaintiff Legrand is a more than adequate class representative.

Plaintiff has also retained qualified counsel who are well versed in FCRA class actions. Thus far, Plaintiff's counsel has investigated Plaintiff's claims, drafted the complaint, and has successfully defeated two motions to dismiss. In general, Proposed Class Counsel are highly experienced in complex class-action litigation and consumer litigation in general. Berger & Montague, P.C. was founded in 1970, and has been concentrated on representing plaintiffs in complex class actions ever since. (Drake Decl,, Ex. 4.) The firm has been recognized by courts for its skill and experience in handling major complex litigation. Berger has been recognized by The National Law Journal in 11 of the last 15 years for its "Hot List" of top plaintiffs' oriented litigation firms in the nation. (*Id.*) Lead counsel from Berger, E. Michelle Drake, has worked extensively on FCRA class actions, and John G. Albanese, also from Berger, has concentrated

9

his practice on FCRA litigation as well, and both are counsel of record in many active FCRA cases throughout the country. (Drake Decl. ¶¶ 5-6.).

In sum, both Plaintiff and her counsel are adequate to represent and serve the interests on the proposed class.

### V.  Common Questions Predominate.

"To qualify for certification under Rule 23(b)(3), a class must meet two requirements beyond the Rule 23(a) prerequisites: Common questions must predominate over any questions affecting only individual members; and class resolution must be superior to other available methods for the fair and efficient adjudication of the controversy." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (internal quotation marks omitted). Those requirements are met in this case. When considering predominance, the core issue is "whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.*, 521 U.S. at 623. Put differently, the focus of the predominance inquiry is whether class-wide questions are "at the heart of the litigation." *Powers v. Hamilton Cty. Pub. Def. Comm.*, 501 F.3d 592, 619 (6th Cir. 2007). The Sixth Circuit has affirmed findings of predominance when "plaintiffs have raised common allegations which would likely allow the court to determine liability . . . for the class as a whole." *Olden v. LaFarge Corp.*, 383 F.3d 495, 508 (6th Cir. 2004).

As discussed above, in this case, class-wide issues predominate over any individual concerns. First, and most important, is the question of whether the Notice and Summary are documents that "consist[] solely of the disclosure" as required by § 1681b(b)(2)(i). Because each class member received the same forms in conjunction with their application, a determination of this question will completely obviate the need for an examination of any individual issues

relative to individual class members. Further, as every class member was given the same forms, the answer to the question of whether Defendant's violation was willful can and should be determined on a class-wide basis.

Second, the amount of damages will also be determined on a class-wide basis. Because Plaintiff seeks statutory and punitive damages, no individual analysis of damages will be required. Thus, virtually every aspect of this case can be determined on a class-wide basis, and the predominance requirement is met.

## VI. A Class Action Is Superior.

To be certified, a class action must be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. Pro. 23(b)(3). In considering superiority, this Court has looked to "the interest of individual members in individually controlling the litigation, the desirability of concentrating the litigation in the particular forum, and the manageability of the class action." *Bentley v. Honeywell Int'l, Inc.*, 223 F.R.D. 471, 488 (S.D. Ohio 2004) (quotation omitted). Where the claims of all class members are identical, adjudicating the claims in a class action achieves economies of time, effort, and expense, and promotes uniformity of results. Class litigation is not only the most efficient means of adjudicating these disputes; it is the only means. Separately litigating the common issues in this case, whether in hundreds or thousands of individual lawsuits, would be a practical impossibility—even assuming it were economically feasible for consumers to pursue these claims on their own. *Siding & Insulation Co*, 2012 WL 1425093, at *5 (finding superiority where "an individual plaintiff is unlikely to recover more than a small amount and, therefore, individuals are unlikely to bring suit").

Furthermore, even if just a small fraction of the classes brought individual suits, those suits would require the separate adjudication of thousands of individual claims. The reality, however, is that the alternative to class treatment in these cases is not thousands, or even hundreds, of individual actions. "As courts have repeatedly recognized, the statutory damages available under the FCRA are too slight to support individual suits." *White v. E-Loan, Inc.*, No. C05-02080SI, 2006 WL 2411420, at *9 (N.D. Cal. Aug. 18, 2006) (internal citations and quotations omitted); *see also In re Farmers Ins. Co., Inc., FCRA Litig.*, No. CIV- 03-158-F, 2006 WL 1042450, at *11 (W.D. Okla. Apr. 13, 2006). Moreover, even if cost were not an issue, the large majority of class members would never think to bring individual claims because they are unaware their rights have been violated—having little lay knowledge of the complex blanket of FCRA protections. *See, e.g.*, *Bonner v. Team Toyota LLC*, No. 2:06CV157PPS, 2006 WL 3392942, at *5 (N.D. Ind. Nov. 21, 2006) ("[M]any of the persons in these classes may be unaware that the form letter sent by Defendants may violate the FCRA, and a class action suit may help to safeguard their rights."). In short, absent class action treatment, "there is unlikely to be any meaningful enforcement of the FCRA by consumers whose rights have been violated[.]" *E-Loan*, 2006 WL 2411420, at *9; *see Murray*, 434 F.3d at 953 (finding class treatment superior for violations of FCRA's privacy protections). There simply is no other practical means for this Class to challenge a practice that stands in clear violation of federal law. Thus, a class action here is superior and the proposed Class should be certified.

## CONCLUSION

This Court should grant Plaintiff's motion and certify the Class.

Date: August 12, 2016                               /s/E. Michelle Drake
                                                    BERGER & MONTAGUE, P.C.
                                                    E. Michelle Drake, MN Bar No. 0387366*
                                                    John G. Albanese, MN Bar No. 0395882*

43 SE Main Street, Suite 505
Minneapolis, MN 55414
Telephone: 612-594-5999
Facsimile: 215-875-4604
emdrake@bm.net
jalbanese@bm.net

*admitted *pro hac vice*

Matthew A. Dooley, OH Bar No. 0081482
O'TOOLE, McLAUGHLIN, DOOLEY
& PECORA, CO., LPA
5455 Detroit Rd (Route 254)
Sheffield Village, OH 44054
Telephone: 440-930-4001
Facsimile: 440-934-7205
mdooley@omdplaw.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 12, 2016, a copy of the foregoing MOTION & MEMORANDUM was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

Date:  August 12, 2016                  /s/E. Michelle Drake
                                                            BERGER & MONTAGUE, P.C.
                                                            E. Michelle Drake, MN Bar No. 0387366*
                                                            John G. Albanese, MN Bar No. 0395882*
                                                            43 SE Main Street, Suite 505
                                                            Minneapolis, MN 55414
                                                            Telephone: 612-594-5999
                                                            Facsimile: 215-875-4604
                                                            emdrake@bm.net
                                                            jalbanese@bm.net

                                                            *admitted *pro hac vice*

                                                            Matthew A. Dooley, OH Bar No. 0081482
                                                            O'TOOLE, McLAUGHLIN, DOOLEY
                                                            & PECORA, CO., LPA
                                                            5455 Detroit Rd (Route 254)
                                                            Sheffield Village, OH 44054
                                                            Telephone: 440-930-4001
                                                            Facsimile: 440-934-7205
                                                            mdooley@omdplaw.com

                                                            *Attorneys for Plaintiff*