IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LEGRAND, | ) CASE NO.: 1:15 CV 2091 |
| Plaintiffs, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| INTELLICORP RECORDS, INC., *et al.*, | ) |
| Defendants. | ) MEMORANDUM OPINION |
| | ) AND ORDER |

This matter is before the Court on Defendant, The Cato Corporation's Motion to Dismiss Count One of Plaintiff's First Amended Complaint For Lack of Standing. (ECF #52). Plaintiff filed an Opposition to the motion, and Defendant, The Cato Corporation ("Cato") filed a Reply. (ECF # 54, 68). Both parties also filed notices of supplemental authority. (ECF #60, 67, 70, 71). After careful consideration, the Court has determined that Defendant's Motion to Dismiss should be GRANTED.

**FACTUAL AND PROCEDURAL OVERVIEW**[1]

Count One of Plaintiff's First Amended Complaint alleges that Defendant Cato systematically and willfully violated the Fair Credit Reporting Act ("FCRA") by failing to provide required stand-alone disclosures prior to procuring consumer reports on applicants and employees, as required by 15 U.S.C. §1681b(b)(2)(A)(i). (ECF #11, ¶98-103). Ms. LeGrand does not seek actual damages, but requested statutory damages, punitive damages, attorneys' fees, litigation expenses, costs and other available relief.

Ms. LeGrand admits to signing a document, provided by Cato, that acknowledges that she has "read the below statements and understand same." (ECF #11, ¶ 28). Included in the "below statements" is a paragraph that authorizes the procurement of a consumer credit report. (ECF #11, ¶30).[2] The Complaint goes on to allege that "Cato injured Plaintiff by depriving her of information that is required to be disclosed under the FCRA and deprived[sic] her of information regarding her rights. Cato also invaded Plaintiff's privacy by procuring a report on her without obtaining legally valid informed consent." (ECF #11, ¶37). She has never identified any required information that was withheld or obscured from her, rather she has consistently alleged that the information simply was not provided in a stand-alone document. She also has

---

[1] The facts as stated in this Memorandum and Order are taken from the Amended Complaint and should not be construed as findings of this Court. In a motion to dismiss, the Court is obligated, for the purposes of that motion, to accept as true the facts set forth by the non-moving party, in this case, the Plaintiff. Other admissions by the Plaintiff, made after the filing of the Amended Complaint may also be taken into account.

[2] The paragraph reads as follows: "I specifically understand and authorize the procurement of an investigative consumer credit report (specifically a motor vehicle report – MVR) and understand that it may contain information about my background, mode of living, character, general reputation and personal characteristics." (ECF #11, ¶30).

never argued that she did not consent to Cato's investigation, but rather that her consent was not "legally valid" on the sole basis that she was not provided a stand-alone document containing the required disclosures.

Ms. LeGrand also alleged that she suffered a "concrete injury in the form of being deprived of a disclosure to which she was statutorily entitled as a result of Cato's failure to comply with the FCRA's stand-alone disclosure requirement" and that "Cato invaded [her] privacy by obtaining a consumer report on her without making an appropriate disclosure and obtaining proper authorization before doing so." (ECF #11, ¶88). Again, she does not claim that she failed to receive a disclosure or that Cato failed to obtain authorization. She has made clear in her arguments and filings to the Court that she simply maintains that these documents were not "proper" because she did not receive the disclosures as a stand-alone document.

Ms. LeGrand does not allege that the authorization form she received did not fully inform her that a consumer report would be obtained by Cato for employment purposes. She does not allege that the authorization form did not include a clear and conspicuous notice that a consumer report would be obtained by Cato. She does not allege that she did not see or understand the disclosure and authorization provided. She did not allege that she was unaware that Cato would, in actuality, be obtaining a consumer report on her. She did not allege that she did not knowingly authorize Cato to obtain a consumer report on her. She did not allege that she would not have authorized such an investigation had she received a stand-alone notice instead of the notice provided. During subsequent briefing, Ms. LeGrand admitted to receiving and signing the authorization for Cato to obtain a consumer report. (ECF #41, 41-1). She has never alleged or argued that her authorization of the investigation was not knowing, voluntary, or that absent the

-3-

stand-alone regulations, it would be contractually binding.

## **STANDARD OF REVIEW**

On a motion brought under Fed. R. Civ. P. 12(b)(6), this Court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3rd Cir. 1990). The Sixth Circuit has also held that a reviewing court may consider "exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)).

Though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555. In deciding a Rule 12(b)(6) motion, this Court must

determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## **ANALYSIS**

Cato argues that under the recently decided United States Supreme Court case *Spokeo v. Robins*, 136 S. Ct. 1540 (2016) the claims against it in Count One of the Amended Complaint must be dismissed for lack of standing. Taking into account the allegations in the First Amended Complaint (excluding conclusions of law or unwarranted inferences cast in the form of factual allegations) and the items appearing in the record of this case, it appears clear that Ms. LeGrand's first Claim alleges nothing more than a procedural violation devoid of any actual harm. Although her Amended Complaint, and her Opposition to this Motion to Dismiss both state that she suffered an invasion of privacy and deprivation of information, these are conclusory statements void of any factual basis asserted in the Complaint or in any of the subsequent briefing submitted in this case.

She has never alleged that she did not receive statutorily required information, that she was unaware that Cato would obtain a consumer background report or that she did not authorize their investigation. In fact, she has admitted that she received an authorization form disclosing Cato's intent and that she signed the authorization. She also alleged no injury at the hands of Cato as a consequence of the information disclosed by the report.

*Spokeo* clarified the standing requirement of a concrete and particularized injury as it relates to statutorily created procedural requirements. The *Spokeo* Court found that a plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation." *Spokeo*, 136 S. Ct. At

1544. Although there are times when a procedural violation may give rise to a concrete or actual injury, no such injury has been alleged in this case. A violation of privacy would require evidence that a disclosure or exposure of information occurred without authorization, yet Ms. LeGrand does not allege that any such disclosure or review of private information occurred without her authorization. An injury based on a deprivation of information would require evidence that she was deprived of some necessary or required information. She does not allege that any such information was withheld.

The majority of courts who have reviewed this type of claim, post-*Spokeo* have found that plaintiffs alleging a procedural violation of the stand-alone disclosure requirement under the FCRA, without more, lack standing to pursue their claims. *See, e.g.*, *In Re Michael's Stores, Inc.,* Fair Credit Reporting Act Litigation, Case No.: 2:14-cv-07563; MDL No. 2615 (D.N.J. January 24, 2017); *Groshek v. Great Lakes Higher Educ. Corp.*, No. 15-cv-143, 2016 U.S. Dist. LEXIS 144867 (W.D. Wis. Oct. 4, 2016); *Noori v. Vivint, Inc*., 2016 U.S. Dist. LEXIS 12093 (C.D. Cal. Sept. 6, 2016); *Woods v. Caremark*, Case No." 4;15-cv-0535 (W.D. Missouri July 28, 2016). Although Plaintiff has cited several cases finding standing in a FCRA procedural violation case, those cases are generally distinguishable . In many of those instances, the courts found that there had either been no disclosure of required information, or no authorization by the consumer/employee for a background investigation. Neither of those scenarios exists in this case. Ms. LeGrand does not allege that she was deprived of any actual information, required or otherwise, and does not allege that the investigation by Cato was done without her knowing authorization.

Based on the specific allegations and facts of this case, and taking into account the clarification provided by the *Spokeo* Court, this Court finds that Ms. LeGrand has not alleged an

injury sufficient to satisfy the requirements for standing under Article III of the United States Constitution.

## **CONCLUSION**

For the reasons set forth above Defendants' Motion to Dismiss Count One of the First Amended Complaint, (ECF #52), is GRANTED. Count One is hereby, DISMISSED. Consequently, Plaintiff's Motion for Class Certification in connection with this claim (ECF #56) is DENIED as MOOT. IT IS SO ORDERED.

   /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: February 24, 2017