IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LEGRAND, | ) CASE NO.: 1:15 CV 2091 |
| Plaintiffs, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| INTELLICORP RECORDS, INC., et al., | ) |
| Defendants. | ) MEMORANDUM OPINION |
| | ) AND ORDER |

This matter is before the Court on Plaintiff's Motion for Reconsideration. (ECF #77). Defendant filed an Opposition to the motion, and Plaintiff filed a Reply. (ECF # 80, 81). Following a review of the parties' submission and all applicable law, the Court finds that Plaintiff's Motion should be GRANTED in part and DENIED in part.

Plaintiff originally filed suit in state court, and Defendant Intellicorp Records, Inc. removed the case to federal court with the consent of Defendant Cato Corp. Removal was not contested. This court has original subject matter jurisdiction over all civil actions arising under the laws of the United States. 28 U.S.C. §1331. Both counts of the Amended Complaint are claims under the Fair Credit Reporting Act, a federal statute. Therefore, this Court has original

jurisdiction over the case and removal was proper. [1]

This Court previously found that under the United States Supreme Court case *Spokeo v. Robins*, 136 S. Ct. 1540 (2016), and Article III of the United States Constitution, the claim against the Cato Corporation in Count One of the Amended Complaint must be dismissed for lack of standing. The United States Supreme Court has held that when a Plaintiff lacks Article III standing, as opposed to statutory standing, in connection with a particular claim, the court has no federal jurisdiction to decide that claim. *See, e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97, 101-105 (1998).

Plaintiff now argues that, upon finding that it lacked subject matter jurisdiction due to the standing issue, the Court was required to remand this claim back to state Court. Defendant contends that any remand would be futile and the Court should clarify that its dismissal of Count One was with prejudice. According to 28 U.S.C. §1447, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The Sixth Circuit has made clear that when triggered, remand is mandatory and there is no exception for futility. "[T]he futility of a remand to state court does not provide an exception to the plain and unambiguous language of §1447(c)." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 496-97 (6th Cir. 1999). Therefore, if this Court lacked subject matter jurisdiction over the case, it would

---

[1] The federal removal statute, 28 U.S.C. §1441 allows removal of a claim arising under the laws of the United States, as well as removal of any claim not within the original or supplemental jurisdiction of the district court. Both of the claims in this case arise under the laws of the United States, and, therefore, the case, as a whole, was properly removed. Following removal, a district court is required to sever from the action all claims that are not within the original or supplemental jurisdiction of the district court. This provision does not require remand of Count One because, even though Plaintiff did not have standing to bring the claim, the claim does arise under the laws of the United States.

have to be remanded, regardless of whether it had any chance of success.

However, under the circumstances of this case, and the precise wording of the statute, the automatic remand requirement of Section 1447(c) has not been triggered. Although the Court has found that Plaintiff lacked standing to bring Count One, a second cause of action, based on a federal statute, is still pending. None of the parties have argued that the Court lacks subject matter jurisdiction over the second claim.[2] Section 114(c) applies when the Court lacks subject matter jurisdiction over the entire case, not over an individual claim.[3] All but one of the cases cited by the Plaintiff in support of its argument for remand involved the remand of an entire case.

---

[2]

The parties have reached a settlement agreement on Count Two, and the Court has issued a preliminary approval of the settlement. (ECF #84). A Fairness Hearing has been scheduled for August 17, 2017.

[3]

Courts routinely exercise jurisdiction over claims that do not support independent federal jurisdiction by means of the pendant and ancillary jurisdiction provisions of 28 U.S.C. §1367. According to Section 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that . . . form part of the same case or controversy." *Id.* Ohio courts are not bound by the injury-in-fact requirements of Article III, even when interpreting a federal statute. *See, ASARCO Inc. V. Kadish,* 490 U.S. 605, 617 (1989). Further, under Ohio law, although a case may be dismissed for lack of standing, it does not affect the court's subject matter jurisdiction to determine the matter with prejudice. *Bank of America v. Kuchta,* 141 Ohio St.3d 75 (2014). Therefore, there is an argument to be made that although it lacks federal jurisdiction to determine the question, the Court could exercise supplemental jurisdiction and make a final determination based on how Ohio would address the issue presented under this federal statute. However, because the language of this section, suggests that the Court's supplemental jurisdiction may also be limited by the cases and controversy requirement of Article III, and the parties have not briefed or otherwise argued this point, the Court will not exercise this power under these circumstances in order to effect a determination with prejudice.

not a single count within a properly removed, multi-count case.[4]

Although it is difficult to imagine how a state court could interpret a federal statute to permit recovery when there is no standing to raise the claim under federal law.[5] Plaintiff is correct when it argues that the dismissal in this case should have been without prejudice. The Sixth Circuit has consistently held that a dismissal for lack of subject matter jurisdiction, including a lack of Constitutional standing under Article III, requires a dismissal without prejudice. *See, e.g., B & V Distrib. Co. v. Dottore Cos. LLC,* 278 F. App'x 480, 487 (6th Cir. 2008).

Therefore, for the reasons set forth above, the Court GRANTS in part, and DENIES in part Plaintiff's Motion for Reconsideration. (ECF #77). The motion is denied to the extent that it sought remand of Count One of the Amended Complaint. The motion for reconsideration also sought clarification of the type of dismissal ordered. It is granted in so far as the Court agrees

---

[4] The only cited case in which a court remanded a single cause of action within a multi-count Complaint was *Easley v. Reserves Network, Inc.,* Case No. 1:16 CV 544 (N.D. Ohio, March 17, 2017), recently decided by Judge Solomon Oliver. Judge Oliver cited 28 U.S.C. §1447(c) as the reason for the remand. Although Section 1447 can certainly be read to require remand of a claim dismissed for lack of standing once it is severed from an otherwise properly removed multi-claim case, this Court does not believe that severance (and remand) of a single claim is required under the plain language of 28 U.S.C. §1447(c).

[5] The Plaintiff has not cited a single post-Spokeo case where an Ohio court has found standing to proceed on a remanded action alleging violation of a federal statute, following dismissal by the Federal court for lack of standing. In fact, the only Ohio case cited in connection with such circumstance is the case of *Smith v. Ohio State Univ.,* 191 F. Supp.3d 750 (S.D. Ohio 2016). In *Smith,* following remand of the same federal claim at issue in this case, the court dismissed the Plaintiff's claim with prejudice. That Ohio court based its finding on the fact that Ohio courts give great deference to the prior holdings of the United States Supreme Court and Ohio District Courts, and Ohio has never found standing in the absence of an injury-in-fact when interpreting a federal statute. That court also taxed all costs to the Plaintiff in that case.

that the dismissal of Count One should have been designated as "without prejudice." The Court's previous Order issued on February 24, 2017 is hereby amended to reflect this designation. IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: May 26, 2017