## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Sherri Legrand, individually and as a representative of the classes, | ) Case No. 1:15-cv-02091 ) ) Hon. Donald C. Nugent |
| Plaintiff, | ) Magistrate Judge Thomas Parker ) |
| v. | ) ) |
| IntelliCorp Records, Inc., and The Cato Corporation, | ) **FINAL** ) **APPROVAL ORDER** ) ) |
| Defendants. | ) |

The Court, having considered Plaintiff's Unopposed Motion for Final Approval of the Proposed Class Action Settlement between Plaintiff Sherri Legrand ("Named Plaintiff" or "Class Representative") and Defendant IntelliCorp Records, Inc. ("IntelliCorp") (together, the "Parties") in the above-captioned matter, the Settlement Agreement entered into between the Parties (the "Settlement Agreement"), the objections and comments received regarding the proposed Settlement, the record in the Litigation as to IntelliCorp, the submissions and arguments presented by counsel, and having held a Final Approval Hearing on August 17, 2017, finds that:

1. Unless defined herein, for purposes of this Final Order, all capitalized terms in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this action and over the settling Parties hereto.

3. On April 28, 2017, this Court preliminarily approved the Settlement and certified for settlement purposes, the Settlement Class defined in the Settlement Agreement.

4. Pursuant to the Court's Preliminary Approval Order, the Long Form Notice was mailed to the Settlement Class. The Court hereby finds and concludes that the Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the

1

Settlement Agreement and in compliance with this Court's Preliminary Approval Order. The Court further finds and concludes that the Notices and the distribution procedures set forth in the Settlement Agreement fully satisfy Fed. R. Civ. P. 23 and the requirements of due process, was the best notice practicable under the circumstances, provided individual notice to all members of the Settlement Class who could be identified through reasonable effort, provided an opportunity for the Settlement Class Members to object or exclude themselves from the Settlement, and supports the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Final Order. The Court hereby finds and concludes that the notice provided by IntelliCorp to the appropriate state and federal officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, fully satisfied the requirements of that statute.

5. The Settlement Class Members were given an opportunity to object to or opt-out of the Settlement. The Settlement Class Members who made valid and timely requests for exclusion are excluded from the Settlement and are not bound by this Final Order. 1 Settlement Class Member requested exclusion. The identities of such persons are set forth in Exhibit B to the Settlement Administrator's Declaration.

6. The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of the case and with the assistance of an experienced third-party mediator.

7. The Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the complexity, expense, and duration of litigation, as well as the risk involved in establishing liability and damages and in maintaining the class action through trial and appeal.

8. The settlement consideration provided by the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration provided to members of the Settlement Class is reasonable, considering the facts and circumstances of the claims and defenses asserted in the Litigation as to IntelliCorp, and the potential risks and likelihood of success of alternatively pursuing trial on the merits.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

9. The Settlement Agreement is finally approved as fair, reasonable, adequate, just, and in compliance with all applicable requirements of the United State Constitution (including the Due Process Clause) and all other applicable laws, and in the best interest of the Settlement Class. Any objections have been considered and are hereby overruled. The Settlement Agreement, which shall be deemed incorporated herein, and the Settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any subsequent order issued by this Court.

10. Pursuant to Fed. R. Civ. P. 23(b)(3), the Court certifies the Litigation, for settlement purposes only, as a class action on behalf of the following Settlement Class with respect to the claims asserted against IntelliCorp in the Litigation:

> All individuals who were the subjects of consumer reports furnished by IntelliCorp which contained public record information in the "Government Sanctions" section of the report on or after September 4, 2013, and continuing through March 31, 2017. Excluded from this Class are any individuals who have previously released their claims against IntelliCorp.

11. The certification of the Settlement Class shall be binding only with respect to the settlement of the Litigation as to IntelliCorp. In the event that the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other court, the

certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been conditionally certified (including IntelliCorp's right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

12. Pursuant to Fed. R. Civ. P. 23, the Court certifies Named Plaintiff Sherri Legrand as the Class Representative and appoints Berger & Montague, P.C. as Class Counsel.

13. For settlement purposes only, the Court finds that the Litigation as to IntelliCorp satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

- The Settlement Class is so numerous that joinder of all members is impracticable;

- There are questions of law and fact common to the Settlement Class Members;

- The claims of the Class Representative are typical of the claims of the Settlement Class Members;

- The Class Representative and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members;

- Common questions of law and fact predominate over questions affecting only individual Settlement Class Members; and

- Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

14. The Plaintiff, Settlement Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement. Pursuant to the release contained in the Settlement

Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Final Judgment, provided, however, that the Released Claims shall not be construed to limit the right of IntelliCorp or any member of the Settlement Class to enforce the terms of the Agreement.

15. This Final Order is binding on all Settlement Class Members, except those individuals who validly and timely excluded themselves from the Settlement.

16. To the extent permitted by law and without affecting the other provisions of this Final Order, this Order is intended by the Parties and the Court to be res judicata and to prohibit and preclude any prior, concurrent, or subsequent litigation brought individually, or in the name of, and/or otherwise on behalf of, the Named Plaintiff or any Settlement Class Member or any other similarly situated person in the United States with respect to the Released Claims based upon the same alleged facts at any time prior to the date of the Preliminary Approval Order.

17. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Litigation as to IntelliCorp and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement, including its injunctive provisions, and this Final Order. This Final Order finally disposes of all claims and is appealable.

18. This Final Order is not, and shall not be construed as, an admission by IntelliCorp of any liability or wrongdoing in this or in any other proceeding.

19. The Court approves Class Counsel's application for $384,575.73 in attorneys' fees and costs, and for a service award to the Named Plaintiff in the amount of $5,000, to be paid from the Settlement Amount. These amounts are to be deducted from the Settlement Amount as set forth in the Settlement Agreement. Save and except as expressly set forth to the contrary in

this Final Order and any judgment issued by this Court regarding Plaintiff's application for fees and costs, Plaintiff and Class Counsel shall take nothing by their claims and each party shall bear his or its own fees, costs, and expenses in connection with this Litigation as to IntelliCorp. Except for the award to Class Counsel specified above, no fees or funds shall be paid to any other counsel representing any Settlement Class Members.

20. This Court hereby dismisses the Litigation against IntelliCorp, including all claims against IntelliCorp, with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement. This Order does not dismiss or release any claims advanced against Defendant The Cato Corporation.

21. Finding that there is no just reason for delay, the Court orders that this Final Order shall constitute a final judgment pursuant to Fed. R. Civ. P. 54 that is binding on the settling Parties and the Settlement Class.

**SO ORDERED.**

Date: October 31, 2017

_____
Hon. Donald C. Nugent
United States District Judge